GEORGE H. BEACH, Respondent, v. CHARLES COVIL-
LAUD, J. M. RAMIREZ, W. H. SAMPSON, Adminis-
trator of JNO. SAMPSON, deceased, G. N. SWEZEY, R.
B. BUCHANAN, and THEODORE SICARD, Appellants.

A defendant may be examined on behalf of his co-defendants if their interests
are divisible.

Where a witness is examined on his *voire dire* as to his interest, it is error to re-
fuse to allow the party offering him, to cross-examine the witness as to such
interest.

*Quære.* Whether the Court can after ordering defendants, against whom no proof
is adduced, to be stricken from the pleadings, reinstate them in the progress
of the trial.

APPEAL from the Tenth Judicial District, Yuba County.

The respondent filed his complaint, stating that on the 8th of
February, 1850, the defendants Covillaud, Ramirez, Sicard, and
the deceased, John Sampson, (who, it appeared, were then part-
ners, under the firm of C. Covillaud & Co.,) executed to the plain-
tiff a joint and several bond, by which they bound themselves to
execute to the plaintiff a conveyance of certain lots in Marysville,
and among others, lot No. 2, &c., upon payment by the plaintiff
of his note for $4,887.50, at four months, given for part of the
purchase money of the lots, and acknowledged the receipt of the
balance of the purchase money; that prior to the maturity of the
note, the defendant Sicard sold all his interest in the Ranch of
which the lots in question formed a part, to the defendants,
Swezey and Buchanan, who thereby became parties in interest,
&c.; that the defendants had received from the plaintiff full pay-
ment of the note; but refused to pay for lot No. 2, &c., to the plain-
tiff's damage $3000, for which he prayed judgment.   There was
no averment in the body of the complaint of the death of John
Sampson, or the appointment of W. H. Sampson as his adminis-
trator.   The defendants filed their answer, denying the allega-
tions in the complaint, and averring performance, &c.  The cause
was tried by a jury.  The plaintiff proved the execution of the

bond; the payment of the note; the demand and refusal of a conveyance of lot No. 2; the death of John Sampson, and the appointment of W. H. Sampson as his administrator; and that between the execution of the bond and maturity of the note, Sicard sold to Swezey and Buchanan all his interest in the partnership concern of Covillaud & Co.; after which the firm consisted of Covillaud, Ramirez, John Sampson, (till his death,) Buchanan, and Swezey; and that the value of lot No. 2, at the time a conveyance was demanded, was between $1500 and $2000. The plaintiff attempted to prove that Buchanan and Swezey, at the time of purchasing Sicard's interest, agreed to join the other parties in conveying all lands they had agreed to convey, &c.; but failing to show this, or that Buchanan and Swezey had received any part of the money paid by the plaintiff, the Court, on motion of the defendants, ordered the names of Buchanan and Swezey stricken from the pleadings. The defendants then called Swezey as a witness. The plaintiff objected that he was interested, and examined him as to his interest. He denied having any interest: to rebut which, the plaintiff offered the partnership books; whereupon Swezey admitted that the plaintiff's note was paid after he became a member of the firm, and that he had received his share of the proceeds: and the Court then ruled that he was incompetent; and refused to allow the defendants to cross-examine him as to his interest, the judge saying he was satisfied that Swezey was interested, as he would be liable for contribution. The defendants then prepared a release to Swezey, to obviate the objection; but while it was being written, the Court, on the plaintiff's motion, and against the defendant's objection, ordered Buchanan and Swezey to be reinstated as defendants; and refused to permit the defendants to examine Swezey as a witness. The plaintiff gave no evidence affecting Buchanan and Swezey after they were reinstated. The defendants requested the Court to instruct the jury that the defendants were tenants in common of the lot; and that the admissions of one tenant in common are not evidence against his co-tenant; which the Court refused. The jury found a verdict for the plaintiff for $1500; and the Court rendered judgment accordingly.

*McAllister*, for the appellants.

The appellants contended, 1st. That the order striking the names of Buchanan and Swezey from the pleadings was right; and that the Court erred in afterwards reinstating them. 2d. That Swezey was a competent witness for the defendants. Pract. Act, sec. 392; F. & M. Bank *v.* Paddock, 1 Code Rep. 81. 3d. The plaintiff having elected to prove Swezey's interest by his own oath, was precluded from resorting to evidence *aliunde.* 1 Greenl. Ev. sec. 423; 2 Phil. Ev. 258; 1 Pet. C. C. R. 338; 1 Dall. 275; 14 Pet. 461; 1 Mass. 219. 222; 2 Camp. 637.

No brief is on file for the respondent.

Chief Justice MURRAY delivered the opinion of the Court. On the trial of this cause, the Court below ordered Buchanan and Swezey, two of the defendants, to be dismissed, because no proof had been adduced to charge them. The remaining defendants offered one of the defendants so dismissed as a witness. The plaintiff objected; and the witness was sworn on his *voire dire,* and disclosed a certain interest in the event of the suit: whereupon the Court ordered the defendants before dismissed to be reinstated; refused to allow the defendant's counsel to cross-examine the witness on his *voire dire* as to his interest; and decided that he was an incompetent witness.

Without considering how far the Court had power to reinstate the defendants after they had once been dismissed, we think the refusal of the Court to allow the defendant to cross-examine the witness as to his interest was clearly erroneous. The act concerning proceedings in civil cases provides, that "a party may be sworn on behalf of his co-plaintiff or co-defendant, but the examination so taken shall not be used on behalf of the party thus examined." The defendants had a right, after the competency of their witness was attacked on the score of interest, to cross-examine him as to that interest, and to have the benefit of his testimony, if his interest was divisible from that of his co-defendants. The inference of the Court below, that the witness was incompetent because he might thereafter become liable for contribution, was incorrect, as it might have been explained by further examination.

Judgment reversed; and new trial ordered.